# EXHIBIT 1 - Complaint

# EXHIBIT 1

F I L E D
Electronically
CV19-00054
2019-01-08 10:30:38 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7056185 : csulezic

CODE $1425
JULIE McGRATH THROOP, ESQ.
Nevada Bar No. 11298
TERRY A. FRIEDMAN, ESQ.
Nevada Bar No. 1975
300 South Arlington Avenue
Reno, Nevada 89501
Telephone: (775) 322-6500
Attorneys for Plaintiff

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

DESHANNA GRAHAM, individually
and as Guardian Ad Litem of minor
CEE'AHNY MYLES and as Guardian
Ad Litem of minor, CORNAE MYLES, JR.

Plaintiff,

vs.

WERNER ENTERPRISES, INC.;
JONATHAN JOHNSTON; JOHN
DOES I-XX, inclusive; ABC
CORPORATIONS I-X, inclusive;
and BLACK AND WHITE
COMPANIES, I-X, inclusive,

Defendants.
_____/

Case No.:

Dept. No.:

## COMPLAINT

Plaintiff, DESHANNA GRAHAM, individually and as Guardian Ad Litem of Minor CEE'AHNY MYLES and as Guardian Ad Litem of Minor CORNAE MYLES, JR. by and through their undersigned counsel, Julie McGrath Throop, Esq., and Terry A. Friedman, Esq., herein complains and alleges as follows:

1. That at all times pertinent and material hereto, Plaintiffs and Defendants were acting within the physical boundaries of the State of Nevada, County of Washoe.

2. Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH vs. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the identity of Defendants designated as DOES I through

1  XX, inclusive, ABC CORPORATIONS I through X, inclusive; and BLACK AND WHITE
2  COMPANIES I through X, inclusive are unknown at the present time; however, it is alleged and
3  believed these Defendants were involved in the initiation, approval, support or execution of the
4  wrongful acts upon which this litigation is premised, and that said fictitiously designated
5  Defendants are jointly and severally liable for the damages sustained by Plaintiffs as alleged
6  herein. When Plaintiffs become aware of the true names of said Defendants, they will request
7  leave to amend this Complaint in order to state the true names in the place and stead of such
8  fictitious names.

9      3.     Plaintiffs do not know the true names and capacities, whether corporate or
10  otherwise, of these Defendants sued herein as DOES I through XX, inclusive; ABC
11  CORPORATIONS I through X, inclusive; and BLACK AND WHITE COMPANIES I through
12  X, inclusive and Plaintiffs pray leave that when the true names of said Defendants are
13  ascertained, they may insert the same at the appropriate allegations. Plaintiffs are informed and
14  believe, and upon such information and belief, allege that each of the Defendants designated
15  herein by such fictitious names are negligently responsible in some manner for the events and
16  happenings herein referred to and negligently caused the injuries to Plaintiffs. Plaintiffs further
17  allege that each Defendant designated herein by such fictitious names are and at all times relevant
18  hereto were, agents of each other and have ratified the acts of each other Defendant and acted
19  within the course and scope of such agency and have the right to control the actions of the
20  remaining Defendants.

21      4.     That Plaintiffs and Defendants are domicilaries of the State of Nevada.
22      5.     That on or about January 13, 2017, the Plaintiff, DESHANNA GRAHAM, was
23  lawfully driving her vehicle in Washoe County, Nevada on Rock Boulevard and Longley Lane
24  when another vehicle, driven by the Defendant JONATHAN JOHNSTON and owned by
25  Defendant WERNER ENTERPRISES, INC. negligently and carelessly backed up into Plaintiff's
26  ///
27

1  lane, striking the entire driver's side and rear-end of Plaintiffs' vehicle, causing the Plaintiffs to
2  sustain personal injury.

3        6.      That upon information and belief, the Defendants, and each of them, had a duty of
4  reasonable care, and breached that duty of reasonable care when the Defendant JONATHAN
5  JOHNSTON failed to adhere to the road conditions in a reasonable fashion, which was the cause
6  in fact of said collision and proximate cause of all damages hereinafter alleged.

7        7.      That upon information and belief, the Defendants, and each of them, owed a duty
8  to the Plaintiffs and breached said duty when Defendant JONATHAN JOHNSTON exceeded the
9  conditions of the highway and drove with excessive carelessness, which was the cause in fact and
10 proximate cause of all damages hereinafter alleged.

11       8.      That upon information and belief, the Defendant WERNER ENTERPRISES,
12 INC. was acting by and through its duly authorized agents and/or employees and/or ratified their
13 conduct, and Defendant JONATHAN JOHNSTON is an employee of Defendant WERNER
14 ENTERPRISES, INC., and Defendant JONATHAN JOHNSTON caused the collision to occur
15 while Defendant JONATHAN JOHNSTON was in the course and scope of employment, and
16 further, Defendant WERNER ENTERPRISES, INC. is vicariously liable for the negligent
17 conduct of Defendant JONATHAN JOHNSTON.

18       9.      That upon information and belief, the Defendant WERNER ENTERPRISES,
19 INC. failed to adequately investigate and inspect the driving qualifications of Defendant
20 JONATHAN JOHNSTON, and employed Defendant JONATHAN JOHNSTON to drive a work
21 vehicle, when a proper investigation and inspection would have shown that Defendant
22 JONATHAN JOHNSTON was not qualified to drive, which is a cause in fact and proximate
23 cause of all damages hereinafter alleged, and therefore, Defendant WERNER ENTERPRISES,
24 INC. negligently entrusted the vehicle to Defendant JONATHAN JOHNSTON.

25       10.     That upon information and belief, the Defendants were in violation of Nevada
26 Law and Statute and are negligent per se.

27

11. That upon information and belief, the Defendants have caused the Plaintiffs to suffer general damages including, but not limited to, pain, suffering, aggravation, and the like, past, present and future, in excess of $10,000.00 and/or according to proof.

12. That Plaintiffs have incurred special damages including, but not limited to, medical expenses and hospitalization costs, loss of earning, and earning capacity, together with incidental expenses past, present and future, in excess of $10,000.00 and/or according to proof.

13. That the medical specials to date exceed $50,000.00, and this matter should be exempt from the arbitration program of this jurisdiction, as it has a probable fact finder award in excess of $50,000.00, because Plaintiffs sustained severe and permanent injuries.

WHEREFORE, Plaintiffs pray judgment as hereinafter set forth:

1. For general damages in excess of $10,000.00, and/or according to proof.
2. For special damages in excess of $10,000.00, and/or according to proof.
3. For incidental damages in excess of $10,000.00, and/or according to proof.
4. For exemption from the arbitration program of this jurisdiction.
5. For court costs and disbursement, interest, and attorney's fees.
6. For such other and further relief as the Court deems proper in this matter.
7. For leave to amend the Complaint upon discovery of the true names and identities of each Doe defendant.

///
///
///
///
///
///
///
///

AFFIRMATION PURSUANT TO NRS 239B.030

The undersigned hereby affirms that the within document does not contain the Social Security Number of any person.

Dated this _____ day of January, 2019.

TERRY FRIEDMAN AND JULIE THROOP, PLLC

By _____
JULIE McGRATH THROOP, ESQ.
TERRY A. FRIEDMAN, ESQ.
300 South Arlington Avenue
Reno, Nevada 89501
(775) 322-6500 T
(775) 322-3123 F
Attorneys for Plaintiff

# EXHIBIT 2 -

# Answer to Complaint

# EXHIBIT 2

Code: 1130
Brian M. Brown, Esq.,
Nevada Bar No. 5233
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran, Suite B
Reno, Nevada 89509
Tel: (775) 786-2882
Attorney for Defendant
WERNER ENTERPRISES, INC.

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

DESHANNA GRAHAM, individually and as Guardian Ad Litem of minor CEE'AHNY MYLES and as Guardian Ad Litem of minor, CORNAE MYLES, JR.,

Plaintiffs,

vs.

WERNER ENTERPRISES, INC.; JONATHAN JOHNSTON; JOHN DOES I-XX, inclusive; ABC CORPORATIONS I-X, inclusive; and BLACK AND WHITE COMPANIES, I-X, inclusive,

Defendants.

Case No.    CV19-00054

Dept. No.   8

**ANSWER TO COMPLAINT**

COME NOW Defendant WERNER ENTERPRISES, INC., by and through its attorneys, Thorndal Armstrong Delk Balkenbush & Eisinger, and in answer to Plaintiffs' Complaint, hereby admits, denies and alleges as follows:

1. Answering Paragraph 1 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information with which to form a belief as to the truth of all of the allegations contained therein, and upon such basis denies said allegations.

2. Answering Paragraph 2 of Plaintiffs' Complaint, Defendant is without sufficient knowledge or information with which to form a belief as to the truth of all of the allegations contained therein, and upon such basis denies said allegations.

3. Answering Paragraph 3 of Plaintiffs' Complaint, Defendant is without sufficient

- 1 -

1  knowledge or information with which to form a belief as to the truth of all of the allegations
2  contained therein, and upon such basis denies said allegations.

3      4.    Answering Paragraph 4 of Plaintiffs' Complaint, Defendant admits that Plaintiffs
4  are residents of Nevada.  Defendant denies the remainder of the allegations of Paragraph 4.
5  Defendant Werner Enterprises, Inc., is organized and exists under the laws of the State of
6  Nebraska, with its principal place of business in Nebraska.  Unserved Co-Defendant Johnathan
7  Johnston is a resident of Oroville, California.

8      5.    Answering Paragraph 5 of Plaintiffs' Complaint, Defendant denies the allegations
9  contained therein.

10      6.    Answering Paragraph 6 of Plaintiffs' Complaint, Defendant denies the allegations
11  contained therein.

12      7.    Answering Paragraph 7 of Plaintiffs' Complaint, Defendant denies the allegations
13  contained therein.

14      8.    Answering Paragraph 8 of Plaintiffs' Complaint, Defendant denies the allegations
15  contained therein.

16      9.    Answering Paragraph 9 of Plaintiffs' Complaint, Defendant denies the allegations
17  contained therein.

18      10.    Answering Paragraph 10 of Plaintiffs' Complaint, Defendant denies the
19  allegations contained therein.

20      11.    Answering Paragraph 11 of Plaintiffs' Complaint, Defendant denies the
21  allegations contained therein.

22      12.    Answering Paragraph 12 of Plaintiffs' Complaint, Defendant denies the
23  allegations contained therein.

24      13.    Answering Paragraph 13 of Plaintiffs' Complaint, Defendant denies the
25  allegations contained therein.

26  **FIRST DEFENSE**

27  Plaintiffs' Complaint on file herein fails to state a claim against this Defendant upon
28  which relief may be granted.

## SECOND DEFENSE

At all times and places alleged in Plaintiffs' Complaint, the negligence, misconduct, and fault of Plaintiffs exceeds that of this Defendant, if any, and Plaintiffs are thereby barred from any recovery against this Defendant.

## THIRD DEFENSE

It has been necessary for Defendant to employ the services of an attorney to defend this action, and a reasonable sum should be allowed Defendant as and for attorney's fees, together with its costs expended in this action.

## FOURTH DEFENSE

Defendant alleges that at all times and places alleged in the Complaint, Plaintiffs did not exercise ordinary care, caution or prudence in the premises to avoid the loss herein complained of, and that same was directly and proximately contributed to and caused by the negligence, misconduct and fault of the Plaintiffs.

## FIFTH DEFENSE

This Defendant alleges that Plaintiffs' cause of action as set forth in the Complaint is barred by the statute of limitations as contained in Chapter 11 of the Nevada Revised Statutes.

## SIXTH DEFENSE

Upon information and belief, Plaintiffs may have failed to mitigate their damages.

## SEVENTH DEFENSE

The incident which is the subject matter of this action was unavoidable, wherefore, Plaintiffs are barred from any recovery against this Defendant.

## EIGHTH DEFENSE

The damages, if any, incurred by Plaintiffs are not attributable to any act, conduct, or omission on the part of this Defendant; Defendant denies that it was negligent in any manner or in any degree with respect to the matters set forth in Plaintiffs' Complaint.

## NINTH DEFENSE

Pursuant to NRCP 11, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the

1  filing of Defendant's answer, and therefore Defendant reserves the right to amend this answer to
2  allege additional affirmative defenses if subsequent investigation warrants.
3      WHEREFORE, Defendant requests relief as follows:
4      1.    That Plaintiffs' Complaint be dismissed with prejudice in its entirety;
5      2.    That Defendant be awarded reasonable attorney's fees and costs incurred in
6  defending this matter;
7      3.    For such other and further relief as the Court deems just and proper in the
8  premises.

## AFFIRMATION

### Pursuant to NRS 239B.030

The undersigned hereby affirms that this document does not contain the Social Security number of any person.

DATED this 26th day of March, 2019.

                THORNDAL ARMSTRONG
                  DELK BALKENBUSH & EISINGER

By:   /s/ Brian Brown
       BRIAN M. BROWN, ESQ.
       Nevada Bar No. 5233
       6590 S. McCarran Blvd., Suite B
       Reno, Nevada 89509
       Attorney for Defendant
       WERNER ENTERPRISES, INC.

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I certify that I am an employee of Thorndal Armstrong Delk Balkenbush & Eisinger, and that on this date I caused the foregoing ANSWER TO COMPLAINT to be served on all parties to this action by:

_____ placing an original or true copy thereof in a sealed, postage prepaid envelope in the United States mail at Reno, Nevada.

__X__ Second Judicial District Court Eflex ECF (Electronic Case Filing)

_____ hand delivery

_____ electronic means (fax, electronic mail, etc.)

_____ Federal Express/UPS or other overnight delivery

**Julie Throop, Esq.**
**Terry Friedman and Julie Throop, PLLC**
**300 S. Arlington Avenue**
**Reno, Nevada 89501**
**Attorney for Plaintiffs**

DATED this 26th day of March, 2019.

/s/ Laura Bautista
An employee of Thorndal Armstrong
Delk Balkenbush & Eisinger

- 5 -